IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DISH NETWORK L.L.C., et al.,

    Plaintiffs,                      No. 2:11-cv-02344 LKK KJN PS

    v.

HIROKO FREDERICK,

    Defendant.                 ORDER SETTING STATUS (PRETRIAL SCHEDULING) CONFERENCE

_____/

        On November 9, 2011, this matter was reassigned and referred to the undersigned for all proceedings that fall within the jurisdiction of the magistrate judge pursuant to Eastern District of California Local Rule 302(c)(21). (See Order, Nov. 9, 2011, Dkt. No. 10.) In reassigning this matter, the district judge assigned to this matter vacated a then-scheduled status conference. (Id. at 1.) The undersigned orders that a status (pretrial scheduling) conference be held so that the court may enter a scheduling order in this action.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    A Status (Pretrial Scheduling) Conference shall be held on December 15, 2011, at 10:00 a.m., in Courtroom No. 25.

        2.    Not later than 14 days prior to the Status (Pretrial Scheduling) Conference,

the parties shall file a <u>joint</u> status report briefly describing the case and addressing the following:[1]

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings.

    k. Whether the case is related to any other cases, including any bankruptcy case;

    l. Whether a settlement conference should be scheduled;

    m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waive disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

    n. Any other matters that may add to the just and expeditious disposition of this matter.

    3. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action or judgment by default. <u>See</u> E. Dist. Local Rules 110, 183(a). This court

---

[1] If the parties are unable to draft and file a joint status report, they may file separate status reports that include brief explanations for why a joint status report could not be prepared.

will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.

        4.      The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  <u>See</u> Local Rule 160.  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

        IT IS SO ORDERED.

DATED:  November 9, 2011

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE